**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENNETH E. PEPER,

　　　　Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT
OF AGRICULTURE; THOMAS
VILSACK, Secretary, in his official
capacity; FOREST SERVICE OF THE
UNITED STATES OF AMERICA;
THOMAS J. TIDWELL, as Chief, in
his official capacity,[*]

　　　　Defendants-Appellees.

Nos. 08-1131 & 11-1237
(D.C. No. 1:04-CV-01382-ZLW-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[**]

---

Before **O'BRIEN** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

[*]　　　Pursuant to Fed. R. App. P. 43(c)(2), Thomas Vilsack is substituted for
Mike Johanns and Thomas J. Tidwell is substituted for Dale Bosworth as
appellees in this appeal.

[**]　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
these consolidated appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The cases are therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kenneth E. Peper, proceeding pro se,[1] appeals from the district courts'
orders dismissing his claims under the Quiet Title Act (QTA), 28 U.S.C. § 2409a,
and entering judgment on his claim under the Administrative Procedure Act
(APA), 5 U.S.C. §§ 500-706.  We affirm.

## BACKGROUND

Mr. Peper owns a patented mining claim, the May Queen Lode, which is an
inholding[2] located within the Roosevelt National Forest in Colorado.  In
November 2001, he sought an easement from the Forest Service, an agency of the
United States Department of Agriculture, pursuant to 36 C.F.R. § 251.54, to
access his land via an existing road.  In particular, Mr. Peper sought motorized
access so that he could build and access a cabin on the land.

The Forest Service advised Mr. Peper to submit a modified special use
application after forming a home- or landowners' association.  In April 2003,
Mr. Peper provided the Forest Service notice of the formation of the Middle
Boulder Creek Road Association.  The Forest Service thereafter notified
Mr. Peper that, due to backlogs and staffing issues, he could expect to receive
special use authorization in two to four years.

---

[1]     We liberally construe Mr. Peper's pro se filings.  *See Haines v. Kerner*,
404 U.S. 519, 520 (1972) (per curiam).

[2]     "Inholdings constitute property completely surrounded by property owned
by the United States."  *United States v. Jenks*, 22 F.3d 1513, 1515 n.1 (10th Cir.
1994) (*Jenks I*).

On July 7, 2004, Mr. Peper filed a verified complaint under the QTA against the Department of Agriculture, its Secretary, the Forest Service, and its Chief. He asserted three easement rights for which he sought to quiet title: (1) a common law easement by necessity; (2) a public road easement under R.S. 2477;[3] and (3) a statutory easement under the Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. § 3210(a).[4] Defendants moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). In addition, in September 2004, the Forest Service indicated to the court that it would require

---

[3]     Before being repealed in 1976, R.S. 2477 permitted rights of way to construct highways on public lands not reserved for public use. *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1076 (9th Cir. 2010) (citing 43 U.S.C. § 932 (repealed 1976)); *see also S. Utah Wilderness Alliance v. Bureau of Land Mgmt.*, 425 F.3d 735, 740-41 (10th Cir. 2005). "The law repealing R.S. 2477 expressly preserved any valid, existing right-of-way." *Lyon*, 626 F.3d at 1076; *see also S. Utah Wilderness Alliance*, 425 F.3d at 741.

[4]     Section 3210(a) provides:

> Notwithstanding any other provision of law, and subject to such terms and conditions as the Secretary of Agriculture may prescribe, the Secretary shall provide such access to nonfederally owned land within the boundaries of the National Forest System as the Secretary deems adequate to secure to the owner the reasonable use and enjoyment thereof: *Provided*, That such owner comply with rules and regulations applicable to ingress and egress to or from the National Forest System.

two to three more years, until September 2006 or 2007, to complete the administrative process.

Adopting in part the magistrate judge's recommendations, the district court granted in part defendants' motion to dismiss. The court decided that it lacked subject-matter jurisdiction under Rule 12(b)(1) over the claim based on R.S. 2477, because merely being a member of the public did not give Mr. Peper title to public roads allowing him to bring a quiet title suit under R.S. 2477. Although recognizing jurisdiction under the QTA over an easement-by-necessity claim, the court decided it was preempted by the ANILCA and the Federal Land Policy and Management Act (FLPMA), 43 U.S.C. §§ 1701-1784. Thus, the court dismissed the easement-by-necessity claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Lastly, the court recognized that the application for a special use authorization under the ANILCA was still pending with the Forest Service. But because the Forest Service estimated an unreasonably long time to complete the administrative process, the court ordered it to expedite and complete the administrative process on or before December 1, 2006. Upon the government's motion, the district court later extended the deadline to May 15, 2007.

On May 14, 2007, the Forest Service granted the Middle Boulder Creek Road Association special use authorization under the FLPMA, 43 U.S.C. § 1761, by offering a forest road easement and a private road easement, subject to various

-4-

conditions, including (1) construction of an armored ford, a bridge, and a road before motorized use would be allowed and (2) imposition of an annual fee. Upon notifying the court that administrative processing of Mr. Peper's application for a special use authorization was complete and two easements had been issued, defendants requested dismissal of Mr. Peper's remaining ANILCA claim.

Mr. Peper responded and filed an amended complaint challenging the administrative decision under the APA, asserting a new QTA claim for the right to an easement by prescription under state law, and again asserting QTA rights based on easements by necessity, under R.S. 2477, and under the ANILCA. The district court struck the amended complaint as untimely. Also, the court granted defendants' request to dismiss the remaining ANILCA claim. The court, however, gave Mr. Peper permission to file an amended complaint setting forth only a claim to review the agency decision under the APA.

Mr. Peper filed a second amended complaint, alleging claims under both the QTA and the APA. Under the QTA, he asserted rights to an easement under four theories: (1) by necessity; (2) by prescription under state law; (3) under R.S. 2477; and (4) under the ANILCA. With respect to the APA, he asserted that (1) defendants violated 36 C.F.R. § 251.114(f)(1)[5] by failing to consider his

---

[5] Section 251.114(f)(1) provides that "the authorizing officer, prior to issuing any access authorization, must . . . ensure that [t]he landowner has demonstrated a lack of any existing rights or routes of access available by deed or under State or

(continued...)

pre-existing interest in access to the property before granting a special use permit under the ANILCA; and (2) because the special use permit contained unreasonable and arbitrary and capricious rules, regulations, limitations, and restrictions on the use of his property, the Forest Service in effect denied him an easement in violation of the ANILCA.

After Mr. Peper filed the second amended complaint, the district court entered final judgment under Fed. R. Civ. P. 54(b) on the QTA claims it had previously dismissed.  Mr. Peper filed his first notice of appeal, No. 08-1131.

After the parties completed briefing on the second amended complaint, the magistrate judge recommended dismissal of the QTA claims, because the easement-by-necessity, R.S. 2477, and ANILCA claims had been dismissed previously and the easement-by-prescription claim had been asserted without leave of the district court.  The magistrate judge recommended remand to the Forest Service for further proceedings on the APA claims, because the Forest Service had not complied with § 251.114(f)(1)'s requirement that it consider during its administrative review whether Mr. Peper had "existing rights or routes of access available by deed or under State or common law."  Further, the

[5](...continued)
common law."

-6-

magistrate judge recommended that, on remand, the Forest Service again consider the terms and conditions of any special use authorization or easement.

After both parties filed objections to the magistrate judge's recommendations, the district court entered final judgment in favor of defendants. In doing so, the court adopted the magistrate judge's recommendation that the QTA claims be dismissed with prejudice. The court, however, rejected the magistrate judge's recommendation concerning the APA claims, determining that "it is clear that to the extent that review of pre-existing rights and routes of access is necessary under [§ 251.114(f)(1)], that review occurred since [Mr. Peper] filed the present lawsuit *specifically to address his claims of pre-existing access*." Suppl. R., Vol. 1 at 346; *see also id.* at 347 ("Since the [Forest Service] has been a Defendant in this case from the beginning, all events that took place in this case must be considered part of the administrative record. Thus, discussion of the existence of pre-existing access occurred *within this case* during the administrative review of [Mr. Peper's] application. Whatever the level of review necessary under subsection (f), this Court concludes that the [Forest Service], through the lengthy litigation that has occurred in this case, has met its burden under subsection (f)(1)." (footnote omitted)).

The court then proceeded to review the conditions imposed on the easements offered by the Forest Service and concluded they were not arbitrary, capricious, or an abuse of discretion. In reaching this conclusion, the court found

-7-

that Mr. Peper "obtained exactly what he applied for: vehicular access to his property." *Id.* at 351. The court was convinced that the Forest Service satisfactorily balanced Mr. Peper's statutory right of access to the land with the regulatory requirements. Furthermore, the court decided that Mr. Peper did not prove that the terms of the easements were unreasonable.

Discussing a few of the arguments made by Mr. Peper, the court found that (1) the termination provisions are an acceptable component of the FLPMA easements; (2) the specifications for the new bridge are reasonable and consistent with bridge standards required for Forest Service lands, and Mr. Peper declined to provide input on the bridge design during the administrative proceedings; (3) the Forest Service properly issued the easements to the Middle Boulder Creek Road Association, rather than to Mr. Peper; (4) because Mr. Peper indicated he did not seek special snow removal, the Forest Service had no obligation to perform environmental analysis for winter access or to provide winter access in the easements; and (5) the Forest Service was authorized to impose an annual fee for the easements, and the fee charged was reasonable. Mr. Peper appealed, No. 11-1237. This court consolidated the two appeals.

DISCUSSION

*I. Quiet Title Act Claims*

Mr. Peper argues that the district court erred in dismissing his QTA claims as preempted by the ANILCA.[6] We review the district court's dismissals under Rule 12(b)(1) and (6) de novo. *See Smith v. United States*, 561 F.3d 1090, 1097-98 (10th Cir. 2009); *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

The district court correctly determined that an easement by necessity was preempted by the ANILCA. *See United States v. Jenks*, 129 F.3d 1348, 1353-54 (10th Cir. 1997) (*Jenks II*). We agree with that determination for the reasons stated by the court in its order of September 5, 2006, adopting the magistrate judge's recommendation dated March 25, 2005. *See* R., Vol. I at Docs. 19 & 28.

Mr. Peper continues to assert an easement-by-prescription claim. He first asserted the claim in an amended complaint he filed after the Forest Service's permit process was over. We conclude the district court did not abuse its discretion in denying him leave to assert this untimely claim. *See Pater v. City of*

---

[6] Because Mr. Peper did not challenge the district court's determination of his QTA claim under R.S. 2477 until his reply brief, we deem any claim to an easement under R.S. 2477 to be waived. Even if he had continued to assert a claim under R.S. 2477 throughout the appeal, we would affirm the district court's decision rejecting an easement under R.S. 2477 for the reasons stated by that court in its order of September 5, 2006, adopting the magistrate judge's recommendation of March 25, 2005. *See* R., Vol. I at Docs. 19 & 28.

*Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011). Untimeliness alone is sufficient to deny amendment, especially since Mr. Peper has no explanation for his delay in asserting the new claim. *Id.* Furthermore, allowing amendment would have prejudiced defendants, since extensive and final agency review had been completed. *See id.*

## II. Administrative Procedure Act Claims

Mr. Peper argues that the Forest Service failed to comply with proper procedures when reaching its decision to grant the two easements with conditions, and that the decision is arbitrary and capricious. We will "hold unlawful and set aside agency action, findings, and conclusions [that are] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1164 (10th Cir. 2002) (citing 5 U.S.C. § 706(2)(A)). "The APA's arbitrary and capricious standard is a deferential one; administrative determinations may be set aside only for substantial procedural or substantive reasons, and the court cannot substitute its judgment for that of the agency." *Id.* Our review of the district court's decision is de novo, and we do not give it any deference. *See S. Utah Wilderness Alliance v. Office of Surface Mining Reclamation & Enforcement*, 620 F.3d 1227, 1233 (10th Cir. 2010).

Mr. Peper disputes the legality of the Forest Service's issuance of easements under the ANILCA without first deciding if he owned rights of access

under state or common law. He contends the Forest Service's failure to consider his State and common law access rights violated 36 C.F.R. § 251.114(f)(1). In addition, he maintains that because he had pre-existing access to Forest Service land, § 251.114(f)(1) provides that he did not need a statutory right-of-way under the ANILCA. He further contends that failure to follow § 251.114(f)(1) violated the APA, either as a failure to comply with procedures or as an arbitrary and capricious decision imposing unreasonable conditions for access.

Mr. Peper correctly asserts, and we have held, that § 251.114(f)(1) requires a determination of his patent, State, or common law rights of access. *See Jenks II*, 129 F.3d at 1351; *see also Skranak v. Castenada*, 425 F.3d 1213, 1221 (9th Cir. 2005) (holding that Forest Service violates its regulations if it fails to make determination if prior easement existed); *Fitzgerald Living Trust v. United States*, 460 F.3d 1259, 1264 (9th Cir. 2006) (discussing *Skranak* and determining that "the existence of a preexisting easement, as claimed by the [appellants], is relevant to the Forest Service's issuance of a statutory easement under FLPMA"). *See generally Utahns for Better Transp.*, 305 F.3d at 1165 ("Agencies are under an obligation to follow their own regulations, procedures, and precedents, or provide a rational explanation for their departure.").

Although the Forest Service decision did not specifically address State or common law easements, the administrative record contains the district court filings up to the time of the Forest Service's decision. As the district court

-11-

recognized, the Forest Service, as a defendant, was well aware of Mr. Peper's timely easement claims. Thus, we agree with the district court that the Forest Service met the requirements of § 251.114(f)(1) to consider his claims to an easement.

Mr. Peper also argues that the FLPMA supports the validity of his common-law-easement claims and protects his pre-existing rights. Relying on 43 U.S.C. § 1769, he contends his right-of-way was not terminated. In granting easements with conditions, the Forest Service noted that it had compiled with the FLPMA. We cannot disagree. Under the FLPMA, the Forest Service has the right to impose reasonable terms and conditions for access. *See* 16 U.S.C. § 3210(a). "With the passage of FLPMA, Congress believed inholders 'had the right of access to their [inholdings] subject to reasonable regulation . . . under [] FLPMA.'" *Jenks I*, 22 F.3d at 1516 (alteration in original) (quoting S. Rep. No. 413, 96th Cong., 2d Sess. 1, 310 (1980), *reprinted in* 1980 U.S.C.C.A.N. 5070, 5254, which reviewed access rights of inholders under FLPMA and explained need for ANILCA); *see also id.* ("ANILCA guarantees to inholders a threshold 'right of access to their lands subject to reasonable regulation [under FLPMA] by . . . the Secretary of Agriculture in the case of national forest [lands].'" (alteration in original) (quoting *Adams v. United States*, 3 F.3d 1254, 1258-59 (9th Cir. 1993)). Although Mr. Peper has the right to access his property, he must comply with reasonable conditions imposed by the Forest Service easements.

His easements do not free him from any government regulation. *See Jenks II*, 129 F.3d at 1354. Indeed, the Forest Service may impose conditions regardless of any common law easement Mr. Peper may have. *See Fitzgerald Living Trust*, 460 F.3d at 1263. But whether he has a common law easement *is* relevant to whether the conditions imposed are reasonable. *See id.* at 1263-64. And unreasonable conditions not related to, or disproportionate to, the public's benefit may be arbitrary and capricious. *See Jenks II*, 129 F.3d at 1354.

Mr. Peper objects to the conditions imposed by the easements as unreasonable. His arguments, even though he is pro se, are inadequate.

He first argues that he "stands by his specific objections [made in the district court] to the conditions imposed by the easements." Aplt. Br. at 10. Mr. Peper's attempt to adopt by reference materials he filed in the district court rather than to set forth his dispute with the district court's reasoning is not acceptable appellate argument. *See Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623-24 (10th Cir. 1998).

He also argues "that any reasonable person who is informed of the history of this road and the simple basis of the pending application would conclude that this is government 'over-kill' at its finest." Aplt. Br. at 10. This "perfunctory" allegation of error "fail[s] to frame and develop [this] issue sufficient to invoke appellate review." *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994). We will not craft arguments for Mr. Peper. *See Perry v. Woodward*, 199 F.3d

1126, 1141 n.13 (10th Cir. 1999). Thus, we consider the issue to be waived. *See Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007).[7]

Mr. Peper's further discussion of the reasonableness of the conditions in his reply brief does not cure the waiver. Developing the issue in the reply brief deprives defendants of an opportunity to address the issue. *See Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1259 (10th Cir. 2009).

CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[7] Mr. Peper also suggests, without more, that the district court gave only a cursory review to the easement conditions. We conclude that this, too, is an insufficient development of the issue. In addition, he contends that the Forest Service improperly treated his application as if he were requesting a new road. He, however, cites no authority to support his contention. Thus, we consider it to be inadequately developed.