**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NICKY SMITH,

     Plaintiff - Appellant,

v.

SERGEANT NELSON; JOSEPH
HALLIGAN,

     Defendants - Appellees.

and

MICHELL RUSSOM,

     Defendant.

No. 14-1512
(D.C. No. 1:13-CV-02978-RBJ-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

     Appellant Nicky Smith is a prisoner at the Arkansas Valley Correctional

Facility ("AVCF") in Ordway, Colorado. Smith filed the original lawsuit underlying

this matter under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment

---

     * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

right against cruel and unusual punishment, his Fourteenth Amendment right to privacy and due process, and his First Amendment right to access to the courts and against retaliatory conduct. Before the magistrate judge, the defendants moved to dismiss all of the claims, and the magistrate recommended the dismissal of all but one claim: the First Amendment retaliation claim against Defendants Nelson and Halligan. The defendants filed an objection to the decision not to dismiss the retaliation claim; Smith filed no objection to any of the magistrate's recommendations. Exercising *de novo* review, the district court determined that the First Amendment retaliation claim should have been dismissed along with Smith's other claims for relief. Smith now appeals only that ruling. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

On August 10, 2012, while in custody at the Buena Vista Correctional Complex, Smith voluntarily attended a mental-health session with Defendant Michell Russom, a state-sponsored mental health interviewer. Smith and Russom signed a confidentiality statement related to that session. Before the magistrate, Smith alleged that after the session Russom falsely accused him of sexually harassing her during their session and—in the context of her accusation—violated their confidentiality agreement by disclosing personal information to a hearing officer regarding statements Smith made during the session. Smith was convicted of sexual harassment in violation of the Colorado Code of Penal Discipline ("COPD"), and he alleged

2

before the magistrate that this conviction for a COPD violation led to his being classified as a sex offender. Such classification, he contended, compromised his health and safety and increased his sentence.

On October 26, 2012, Smith filed a grievance with his case manager related to Russom's accusation and disclosure. The relevant part of the grievance, for our purposes, stated: "That's why police get killed at AVCF, if an inmate can't address his mental health issues in a professional clinical setting without being subject to punishment for his thoughts you are building many potential powder kegs."[1] Smith contends that Sergeant Nelson retrieved this grievance from the mail, read it, and placed him in handcuffs. Nelson then brought Smith to Halligan, the shift commander. Smith contends that Halligan and Nelson proceeded to: (1) accuse him of a violation of the COPD for "advocating a facility disruption by submitting a grievance"; (2) place him in punitive segregation for 18 days; and (3) take away twenty of his earned days of "Good Time."[2]

Smith filed a complaint in federal district court alleging that by disclosing confidential information Russom had violated his Fourteenth Amendment right to privacy and his Eighth Amendment right against cruel and unusual punishment. He also alleged that Nelson and Hannigan had violated his Eighth Amendment right

---

[1] Smith's reference here appears to be to an incident that had happened at AVCF on September 24, 2012 (a little over a month prior to Smith's grievance letter) in which a prisoner killed one correctional officer and injured another with a kitchen butcher knife.

[2] The COPD charge against Smith and his disciplinary record for this incident were later expunged.

3

against cruel and unusual punishment, as well as restricted his access to the courts and retaliated against him in violation of the First Amendment.

Upon motion of the defendants, the magistrate judge recommended that all but one of Smith's claims—that for retaliation in violation of the First Amendment—be dismissed for failure to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6). Smith filed no objection to this recommendation, but the defendants objected to the magistrate's determination that Smith's retaliation claim should not also be dismissed.

The district court agreed with the defendants. Regarding Smith's retaliation claim, the district court found that Smith's complaint should be dismissed for two reasons: (1) his use of threatening language in his grievance made him unable to prove that, but for his exercise of protected activity under the First Amendment, the retaliation he complains of would not have taken place; and (2) his claim was barred because he had not directly challenged his COPD conviction for "advocating a facility disruption by submitting a grievance." Smith appeals this ruling.

DISCUSSION

We review de novo a district court's dismissal of a complaint under Rule 12(b)(6). *Cohen v. Longshore*, 621 F.3d 1311, 1315 (10th Cir. 2010). Because Smith is appearing pro so, we "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt.*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). Concerning

4

retaliation under the First Amendment in the penal context, we have held that "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (alteration in original) (internal quotation marks omitted). In particular, officials may not retaliate against prisoners for filing administrative grievances. *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir.1991). To establish a First Amendment retaliation claim, Smith must demonstrate three elements:

> (1) that [he] was engaged in constitutionally protected activity; (2) that the defendant's actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct.

*Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir. 2007).

Smith principally contests the district court's determination that his claim was barred because he did not challenge his COPD conviction for "advocating a facility disruption by submitting a grievance." We need not resolve this dispute, however, because we believe the district court's alternative basis for its ruling to be correct. Regardless of whether Smith challenged this COPD conviction, the fact remains that to succeed on a First Amendment retaliation claim he would need to demonstrate that Nelson and Halligan's actions towards him were "substantially motivated as a response to [his] exercise of constitutionally protected conduct," namely his decision to file a grievance. Smith does not contest, however, that his grievance contained language that Halligan and Nelson could have easily perceived as threatening, particularly given the context of an attack on AVCF personnel a little over one month

5

before he filed the grievance. Since Smith has presented nothing to suggest that Halligan and Nelson disciplined him as retaliation for his filing of a grievance—rather than due to their very real perception of his words as a threat—the district court properly dismissed his claim. *See Peterson*, 149 F.3d at 1144 (stating that to establish retaliation claim, inmate "must prove that 'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place" (quoting *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990) (internal quotation marks omitted)).

CONCLUSION

For the reasons stated herein, we AFFIRM the district court. In addition, the district court granted Smith leave to proceed on appeal *in forma pauperis* but did not assess partial payments. We therefore required Smith to file a renewed application to proceed *in forma pauperis*. As Smith lacks the money to prepay the filing fee and we believe he is proceeding in good faith, we similarly GRANT Smith's motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3) (2012).We remind Smith that he is obligated to continue making partial payments until the entire fee has been paid.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge

6