**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BYRON L. TRACKWELL,

        Plaintiff-Appellant,

v.

UNITED STATES GOVERNMENT,

        Defendant-Appellee.

No. 06-3003

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 04-CV-4168-SAC)**

Submitted on the briefs:[*]

Byron L. Trackwell, Pro Se.

Eric F. Melgren, United States Attorney, D. Brad Bailey, Assistant United States Attorney, District of Kansas, Topeka, Kansas, for Defendant-Appellee.

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

**HARTZ**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Byron L. Trackwell, proceeding pro se, filed a complaint in the United States District Court for the District of Kansas, alleging that the Clerk of the United States Supreme Court had repeatedly withheld from Justice Stephen Breyer an application he submitted that challenged the constitutionality of the Iraq War. The complaint asserted that the Clerk's failure to transmit his application violated his First Amendment right to petition the government for redress of his grievances and was improper under Supreme Court Rule 22.1, which provides, "An application addressed to an individual Justice shall be filed with the Clerk, who will transmit it promptly to the Justice concerned if an individual Justice has authority to grant the sought relief." Sup. Ct. R. 22.1. The prayer for relief asked the district court to order the Clerk to transmit the application to Justice Breyer and to order the Supreme Court itself to docket his case and address his claims.

The government filed a motion under Fed. R. Civ. P. 12(b)(1) and (6) to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. The district court granted the motion, and this appeal followed. We have jurisdiction under 28 U.S.C. § 1291. We hold that the district court lacked jurisdiction to hear the complaint. In particular, we hold that the mandamus statute relied upon by Mr. Trackwell, 28 U.S.C. § 1361, does not apply to courts or to court clerks performing judicial functions.

Discussion

We review de novo the district court's dismissal of an action for lack of subject-matter jurisdiction or for failure to state a claim upon which relief can be granted. *See U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999) (subject-matter jurisdiction); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (failure to state a claim). Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

A.     Identification of Proper Defendants

Before reviewing the merits of the district court's dismissal, we first must resolve who the proper defendants are in this action. In the captions of his complaint and his amended complaint, Mr. Trackwell named only the "United States Government" as a defendant. As the district court noted, however, "he actually seeks relief against the Clerk of the Supreme Court . . . and [the] Court itself." R. Doc. 23 at 6 n.2. This was a proper reading of Mr. Trackwell's pleadings. The general rule is that in the caption of the complaint, "the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a). But in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look

to the body of the complaint to determine who the intended and proper defendants are. *See Johnson v. Johnson*, 466 F.3d 1213, 1215-16 (10th Cir. 2006); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983).

It is clear from the body of Mr. Trackwell's pleadings that he seeks relief from the Supreme Court and its Clerk. This does not, however, end the inquiry as to the Clerk, for we must further consider whether the claim is against the Clerk in his individual or his official capacity. When, as here, "the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability." *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993). Mr. Trackwell has not sought damages. And his request that the Clerk transmit his application to Justice Breyer is an act that the Clerk can perform only in his official capacity. Accordingly, we construe Mr. Trackwell's claim against the Clerk as an official-capacity claim. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1234 (10th Cir. 2005) (mandamus remedy is applied "to require a public official to perform a duty imposed upon him in his official capacity").

B.    Jurisdiction

In district court Mr. Trackwell invoked subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, 1346, and 1361. In granting the motion to dismiss, the court reasoned that it lacked subject-matter jurisdiction under §§ 1331 and

1343(a)(4) because neither statute waives the United States' sovereign immunity, *see Neighbors for Rational Dev., Inc. v. Norton*, 379 F.3d 956, 960-61 (10th Cir. 2004) (§ 1331); *Salazar v. Heckler*, 787 F.2d 527, 528-29 (10th Cir. 1986) (§ 1343(a)(4)), and Mr. Trackwell had not identified any other statute waiving immunity. In particular, the court determined that Mr. Trackwell could not assert the waiver of sovereign immunity for actions against "an agency or an officer or employee thereof" under the Administrative Procedure Act (APA), 5 U.S.C. § 702, because the APA's definition of *agency* explicitly excludes "the courts of the United States," 5 U.S.C. § 701(b)(1)(B). *See Dotson v. Griesa*, 398 F.3d 156, 177 n.15 (2d Cir. 2005), *cert. denied*, 126 S. Ct. 2859 (2006). The court further concluded that a provision of the Tucker Act, 28 U.S.C. § 1346(a)(2), which authorizes suits for money damages against the United States, does not waive sovereign immunity for Mr. Trackwell's equitable claims. *See Richardson v. Morris*, 409 U.S. 464, 465 (1973) (per curiam). We agree with the court's reasoning and affirm these rulings. Sovereign immunity extends to both the Supreme Court, *see Gregory v. United States/U.S. Bankr. Ct.*, 942 F.2d 1498, 1499-1500 (10th Cir. 1991) (affirming dismissal of complaint for damages against various federal courts on ground of sovereign immunity), and the Clerk in his official capacity, *see Kyler v. Everson*, 442 F.3d 1251, 1252-53 (10th Cir. 2006) (sovereign immunity extends to official-capacity claims against agents or officers of the United States).

We disagree, however, with the district court's treatment of 28 U.S.C. § 1361, which provides federal district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The court stated that § 1361 does not waive sovereign immunity. But, as we recently pronounced, the "application of the mandamus remedy to require a public official to perform a duty imposed upon him in his official capacity is not limited by sovereign immunity." *Simmat*, 413 F.3d at 1234. Sovereign immunity therefore does not bar a district court from exercising subject-matter jurisdiction granted under § 1361.

As an alternative to its holding that sovereign immunity barred jurisdiction under § 1361, the district court determined that Mr. Trackwell had not demonstrated that he was entitled to mandamus relief. On this point the court was in good company. Two circuits confronting actions seeking § 1361 mandamus relief against the Supreme Court Clerk have held that the plaintiff failed to make one or more of the showings required to justify a writ of mandamus. *See Borntrager v. Stevas*, 772 F.2d 419, 420 (8th Cir. 1985) (adequate alternative remedy); *Panko v. Rodak*, 606 F.2d 168, 170-71 & n.6 (7th Cir. 1979) (no clear right or plain duty). But these cases failed to decide whether the district court possessed jurisdiction to consider the claim. Such a failure may have been justified at one time under the practice of assuming jurisdiction but dismissing the

-6-

claim on the merits (sometimes termed the exercise of "hypothetical jurisdiction"). It is now clear, however, that a court must have jurisdiction before it can rule on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998). Therefore, we turn to whether the court had jurisdiction under § 1361.

Section 1361 grants district courts original jurisdiction over any action in the nature of mandamus brought to compel the performance of a duty owed to a plaintiff by "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. Jurisdiction exists for Mr. Trackwell's claim against the Supreme Court only if the Court is an "agency." For purposes of Title 28 of the United States Code, the term *agency* is defined to include "any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense." 28 U.S.C. § 451. The term *department* is defined as "one of the executive departments enumerated in section 1 of Title 5, unless the context shows that such term was intended to describe the executive, legislative, or judicial branches of the government." *Id.*

This definition of *agency* does not encompass the Supreme Court. In *Hubbard v. United States*, 514 U.S. 695 (1995), the Supreme Court construed the identical definitions (although appearing in 18 U.S.C. § 6, rather than 28 U.S.C.

-7-

§ 451) in determining whether a false statement in a bankruptcy proceeding violated 18 U.S.C. § 1001, which at the time prohibited such statements "in any matter within the jurisdiction of any department or agency of the United States." 18 U.S.C. § 1001 (1994).[1]  The Court began by observing:

> In ordinary parlance, federal courts are not described as "departments" or "agencies" of the Government.  As noted by the Sixth Circuit, it would be strange indeed to refer to a court as an "agency."  *See* [*United States v. Hubbard*,] 16 F.3d [694], at 698, n.4 [(6th Cir. 1994)] ("The U.S. Court of Appeals is not the Appellate Adjudication Agency").  And while we have occasionally spoken of the three branches of our Government, including the Judiciary, as "departments," *e.g., Mississippi v. Johnson*, 4 Wall. 475, 500 (1867), that locution is not an ordinary one.  Far more common is the use of "department" to refer to a component of the Executive Branch.

*Hubbard*, 514 U.S. at 699 (brackets in original omitted).

Turning to the statutory definitions, the Court said that they "create a presumption in favor of the ordinary meaning of the terms at issue."  *Id.* at 700.  "Under § 6," it continued, "it seems incontrovertible that 'agency' does not refer to a court," *id.*, although the Court "express[ed] no opinion as to whether any other entity within the Judicial Branch might be an 'agency' within the meaning of § 6."  *Id.* at n.3.  The Court acknowledged that the word "'[d]epartment' . . . might be interpreted under § 6 to describe the Judicial Branch."  *Id.* at 700.  But, it said, such an interpretation was permitted by the statutory definition only if the

---

[1]     Section 1001 was completely revised in 1996.  *See* False Statements Accountability Act of 1996, Pub. L. No. 104-292, § 2, 110 Stat. 3459.

"context" of the statute being interpreted "'shows' that Congress intended the word to be used in the unusual sense," *id.*, and, it added, "§ 6 permits such an interpretation only if the context . . . is fairly powerful." *Id.* The Court then stated that "[i]n the case of § 1001, there is nothing in the text of the statute, or in any related legislation, that even suggests—let alone 'shows'—that the normal definition of 'department' was not intended." *Id.* at 701.

The same can be said of § 1361. The context of the statute argues for, not against, exclusion of the judiciary from its compass. For a district court to issue a writ of mandamus against an equal or higher court would be remarkable. As Justice Harlan wrote in his concurrence in *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 94 (1970), "§ 1361 . . . extends to 'officers,' 'employees,' and 'agencies' of the United States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals." This construction of § 1361 is also supported by decisions of sister circuits, who, without referring to the definitions in 28 U.S.C. § 451, have limited the scope of 28 U.S.C. § 1391(e),[2] the venue provision for § 1361 enacted along with § 1361 in the

---

[2]    28 U.S.C. § 1391(e) provides in pertinent part:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in

(continued...)

-9-

Mandamus and Venue Act of 1962, Pub. L. No. 87-748, 76 Stat. 744. In

*Liberation News Service v. Eastland*, 426 F.2d 1379 (2d Cir. 1970), a suit in

which 10 United States Senators were among the defendants, the court concluded

that "in enacting §§ 1361 and 1391(e), Congress was thinking solely in terms of

the executive branch." *Id.* at 1384. The court held that venue as to the Senators,

therefore, could not be established under § 1391(e). *See id.* Relying on *Eastland*,

two other circuit courts have held that § 1391(e) does not apply to defendants

affiliated with the judicial branch. *See King v. Russell*, 963 F.2d 1301, 1303-04

(9th Cir. 1992) (per curiam) (§ 1391(e) not applicable because federal defendants

were bankruptcy court judges and officials); *Duplantier v. United States*, 606 F.2d

654, 663-64 (5th Cir. 1979) (§ 1391(e) not applicable to Judicial Ethics

Committee or its chairman, a federal judge, with respect to their "judicial

administrative function" in enforcing the Ethics in Government Act).

Accordingly, we hold that the Supreme Court is not an "agency" within the

---

[2](...continued)
the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

meaning of § 1361 and therefore the district court lacked jurisdiction over a § 1361 action against the Supreme Court.

We reach the same conclusion with respect to such an action against the Clerk. To be sure, the office of the Clerk is not the Supreme Court itself. But here the Clerk is being asked to perform a judicial function delegated by the Supreme Court—the filing of an application. In the context of judicial immunity from claims for damages, when a court clerk assists a court or a judge in the discharge of judicial functions, the clerk is considered the functional equivalent of the judge and enjoys derivative immunity. *See, e.g.*, *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (filing of documents by clerk is integral part of judicial process and protected by judicial immunity); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (bankruptcy court clerks entitled to judicial immunity for refusing to accept an amended petition); *Wiggins v. N.M. State Sup. Ct. Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (state-court clerk entitled to judicial immunity for role in denial of habeas petition). By the same token, in this case the office of the Clerk should be treated as the Court itself in construing § 1361. In other words, when performing judicial functions, the office of the Clerk is not an agency or department of the United States. In the language of *Hubbard*, the context is far from "fairly powerful" in "showing" that the Clerk's office in that circumstance is to be treated as a department or agency under § 1361. 514 U.S.

at 700.  Thus, the district court lacked subject-matter jurisdiction under § 1361 insofar as Mr. Trackwell sought relief from the Clerk in his official capacity.

Mr. Trackwell raises no argument in either of his appellate briefs concerning the district court's order denying his motion for reconsideration and his "Extraordinary Motion," which requested a three-judge panel to review his case.  Accordingly, he has waived his right to appeal from that order.  *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (failure to raise an issue in an opening appellate brief results in waiver of that issue).

The judgment of the district court is AFFIRMED.