F I L E D
United States Court of Appeals
Tenth Circuit

July 26, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY WASHINGTON,

     Plaintiff-Appellant

v.

RYAN T. LEONARD, Assistant District
Attorney,

     Defendant-Appellee.

No. 07-6103

(D.C. No. CV-06-1274-C)
(W. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, EBEL**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

Plaintiff Larry Washington, an Oklahoma state prisoner appearing pro se, appeals

from the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint against

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defendant Ryan Leonard. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

On November 16, 2006, Washington filed a pro se complaint alleging that he was "an inmate confined in [a] penal facility" located in Taft, Oklahoma. ROA, Doc. 1 at 1. The complaint named a single defendant, Ryan Leonard, who the complaint alleged was "employed as Assistant District Attorney" in Oklahoma City, Oklahoma. Id. The complaint asserted a cause of action against Leonard pursuant to 42 U.S.C. § 1983, and set forth the following factual allegations in support of that claim:

> (1). [Washington] appeared in Criminal Court on April 17, 2001, appearing for the State was Ryan T. Leonard a Legal Intern.
> (2). The defendant printed his name in full and initialed LI short for legal intern, except defendant signed the document as Asst. DA.
> (3). Documentation will indicate that defendant was not a licensed attorney to represent the State.
> (4). During this time to mention, [Washington] was unaware of this fact.

Id. In sum, the complaint alleged that Leonard "appeared on behalf of the state without being qualified or license[d] . . . ." Id. at 2. These alleged actions on the part of Leonard, the complaint alleged, "prejudiced [Washington]'s state sentence," violated Washington's rights under "the state and federal constitution," and "caused mental anguish and duress, upon the mind of [Washington]." Id. Based upon these allegations, the complaint sought "punitive," "exemplary," and "contributeable [sic] damages" against Leonard. Id. at 3.

The case was assigned to a magistrate judge who granted Washington leave to proceed in forma pauperis. See 28 U.S.C. § 1915(a). The magistrate judge then

conducted an initial review of Washington's complaint as required by 28 U.S.C. § 1915A, and recommended that the complaint be dismissed for failure to state a claim upon which relief could be granted. ROA, Doc. 13 at 1. In support of this recommendation, the magistrate judge concluded that Washington "could not prevail in a § 1983 action on the facts alleged," id. at 4, "[e]ven if [Washington] had sufficiently alleged the violation of a constitutional right, the face of the complaint demonstrate[d] that his claim[] [was] time-barred by the relevant statute of limitations," id., and

> to the extent [Washington]'s civil rights claim[] [was] construed to allege that his guilty plea was unlawful because the prosecutor was a legal intern rather than a licensed attorney, such claim [wa]s precluded from review because [Washington] ha[d] not shown that his conviction or sentence ha[d] been reversed on direct appeal, expunged by executive order, or declared invalid by a state or federal court.

Id. at 7 (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)). The district court subsequently adopted the report and recommendation and dismissed Washington's complaint. In doing so, the district court noted that Washington had filed objections to the report and recommendation, but had failed to "address[] the preclusion of his claim[] under Heck v. Humphrey or the statute of limitations." Id., Doc. 20 at 1. Washington now appeals.

## II.

We review de novo the dismissal of a complaint pursuant to § 1915A. See McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot

-3-

prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). In conducting our review, we construe the pro se pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. Trackwell v. United States Gov't, 472 F.3d 1242, 1243 (10th Cir. 2007).

In his appellate pleadings, Washington focuses exclusively on the statute of limitations issue, asserting that it was not until November 2004 that he learned that Leonard was not licensed at the time of Washington's 2001 criminal proceedings. We find it unnecessary to resolve the statute of limitations issue because we conclude that Washington's § 1983 complaint is foreclosed by Edwards v. Balisok, 520 U.S. 641 (1997) and Heck. In Edwards, the Supreme Court explained that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." 520 U.S. at 643 (quoting Heck, 512 U.S. at 487). We have considered the allegations underlying Washington's complaint and agree with the district court that a judgment in his favor would necessarily imply the invalidity of his state conviction and/or sentence. Consequently, because Washington has not shown that either his sentence or conviction has been invalidated, he cannot assert a cognizable claim for damages under § 1983 based on defendant Leonard's alleged misconduct.

The judgment of the district court is AFFIRMED. Washington's motion to

-4-

proceed without prepayment of the appellate filing fee is DENIED and Washington is ordered to make immediate payment of the unpaid balance due.  Washington's motion to amend his opening brief is granted.

Entered for the Court


Mary Beck Briscoe
Circuit Judge