FILED
United States Court of Appeals
Tenth Circuit

August 23, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARLENE W. LOW,

        Plaintiff-Appellant,

v.

STEVEN CHU, the Honorable
Secretary of the Department of Energy
in his official capacity as an officer of
the United States,

        Defendant-Appellee.

No. 10-5165
(D.C. No. 4:09-CV-00398-CVE-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **O'BRIEN**, Circuit Judges.

---

Plaintiff-appellant Darlene W. Low, an employee of the Southwestern

Power Administration, a division within the United States Department of Energy,

filed a complaint against Steven Chu, Secretary of the Department, asserting a

total of five claims: three retaliation claims and one hostile work environment

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claim, all pursuant to Title VII, and one claim brought under the Age Discrimination in Employment Act. The district court dealt with the merits of Low's case in three separate orders. In the first order, the court granted defendant's motion to dismiss certain claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, holding that any claims arising from actions in 2000 were unexhausted because Low had failed to timely contact an EEO counselor about them. The first order further notified the parties that defendant's motion to dismiss would be converted to a motion for partial summary judgment and ordered additional briefing. The court's second order held that, except for the hostile work environment claim, the balance of Low's claims were also unexhausted thus entitling defendant to summary judgment on those claims as well.

Low then filed a motion to amend her complaint to add two additional retaliation claims based on meetings held in August 2008. The court denied the motion, because "[t]hese meetings are merely examples of the already pleaded [and still pending] hostile work environment and/or retaliation [claim,]" and that therefore additional amendment to the complaint was unnecessary. Aplt. App. at 358. The parties then filed cross motions for summary judgment.[1]

_____

[1]    In addition to the claims in the complaint underlying this appeal, Low also had pending in district court a case whose sole claim was that she "was intentionally discriminated against because of her sex and/or retaliation for a discrete employment action." Aplt. App. at 899 n.1. Before ruling on the cross
                                                                    (continued...)

-2-

At issue on the cross motions for summary judgment were two remaining claims: one for hostile work environment based on gender, and a second claim of discrimination based on gender or retaliation. Holding that Low's facts, when taken in the light most favorable to her, did not show conditions sufficiently pervasive to constitute a hostile work environment, the district court further held that no reasonable jury could infer discrimination based on gender. Because there was no issue of fact regarding the existence of gender discrimination in the workplace, let alone that discrimination was responsible for the actions taken against Low, defendant was entitled to summary judgment.

With regard to her discrimination based on gender and/or retaliation claim, the court determined that Low had failed to make a prima facie case of either gender discrimination or retaliation, and that defendant was entitled to summary judgment on that claim as well.

Our jurisdiction arises under 28 U.S.C. § 1291. The parties are familiar with the facts and procedural history of this case, and we need not restate either here. *See Low v. Chu,* No. 09-CV-0398-CVE-PJC, 2010 WL 4736294 (N.D. Okla. Nov. 16, 2010). On appeal, Low argues that (1) her claims were exhausted because she contacted an EEO counselor within the allowed time; (2) the court erred in granting summary judgment on the gender-based hostile

---

[1](...continued)
motions for summary judgment, the court consolidated the two actions.

work environment claim, and (3) the court erroneously refused to allow her to amend her complaint.

We conduct a de novo review of a district court's dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1). *Trackwell v. United States Government*, 472 F.3d 1242, 1243 (10th Cir. 2007). "We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. . . . When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (quotation omitted).

We have undertaken a thorough review of the parties' briefs, the record, and the applicable law and conclude that Low has not shown any reversible error in this case. Accordingly, we affirm the judgment of the district court for substantially the same reasons stated in its order granting defendant's Rule 12(b)(1) motion to dismiss certain claims for lack of jurisdiction, its orders granting summary judgment to defendant on Low's remaining claims, and its order refusing to allow further amendment of the complaint.

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

-4-