**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

ROBERT W. SANCHEZ,

     Plaintiff - Appellant,

v.

MEGAN J. BRENNAN, Postmaster
General, U.S. Postal Service,

     Defendant - Appellee,

and

THE PITTMAN CLASS,

     Intervenor Defendant - Appellee.

No. 16-1164
(D.C. No. 1:15-CV-01523-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Robert W. Sanchez, appearing pro se, seeks reversal of the district court's[1]

dismissal of his complaint for lack of subject matter jurisdiction based on Sanchez's

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Acting by consent of the parties under 28 U.S.C. § 636(c)(1), the case was presided over by a magistrate judge, whose decision will be referred to as that of the district court.

failure to exhaust administrative remedies.[2]  Finding no error, we affirm.

BACKGROUND

In 1994, Sanchez filed disability and race/national origin discrimination charges against his employer, the United States Postal Service, with the Equal Employment Opportunity Commission.  The EEOC found that the Postal Service had discriminated against him by denying him overtime due to his disability, awarded Sanchez damages on his disability discrimination claim, and ordered the Postal Service to take certain corrective actions.  But the EEOC found insufficient evidence that the Postal Service discriminated against Sanchez based on his race or national origin.

In 2005, Sanchez filed a second EEOC charge against the Postal Service asserting racial, retaliatory, and disability discrimination claims.  In it, Sanchez alleged the Postal Service violated the EEOC's earlier order by continuing to deny him the opportunity to work overtime because of his disability.  In May 2007, an EEOC administrative judge entered an order subsuming Sanchez's disability discrimination claim into a pending class action, the Pittman Class Action, which also challenged the Postal Service's overtime practices as to disabled employees.  In so ruling, the administrative judge recognized Sanchez's desire to pursue his

_____

[2] The district court also dismissed Sanchez's racial and retaliatory discrimination claims under Fed. R. Civ. P. 12(b)(1) based on his failure to allege plausible claims.  On appeal, Sanchez doesn't challenge the dismissal of his race and retaliation claims, and we deem them waived.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (holding that arguments not raised or inadequately presented in an appellant's opening brief are deemed waived).

individual claims outside the class action but found Sanchez lacked that option under

EEO Management Directive 110, ch. 8 (Aug. 5, 2015), http://tinyurl.com/l5om857.

In relevant part, that directive provides that if the EEOC determines that an

individual's EEOC claims are identical to the claims in a class action complaint filed

with the EEOC, the individual claims "shall be subsumed within the class

complaint." *Id.*, ch. 8, Sec. III. Further, under the directive, individuals "may not

'opt out'" of a defined class action. *Id.*, Sec. VI(C).[3] Sanchez did not appeal this

decision, although he had the right to do so.

The administrative judge and the EEOC approved settlement of the Pittman

Class Action in 2014. The Postal Service and class action counsel sent Sanchez a

Notice of Resolution explaining his right to object. But Sanchez didn't participate in

the settlement, nor did he timely object to it. Instead, he filed an administrative

appeal with the EEOC. The EEOC denied the appeal as an untimely objection to the

settlement, but alternatively found the class action settlement to be fair, adequate,

and reasonable.

Sanchez then brought this action, reasserting all of the claims in his 2005

EEOC charge.[4] In granting the Postal Service's motion to dismiss, the district court

---

[3] The administrative judge held Sanchez's racial and retaliatory discrimination claims in abeyance.

[4] In the course of the district court proceeding, Sanchez clarified that he filed this action only to assert an individual disability claim, not to attempt to participate in or challenge the Pittman Class Action settlement. Thus, he stipulated to the dismissal, with prejudice, of any claim or challenge to that settlement. Prior to briefing, the Pittman Class moved for dismissal of the appeal to the extent that

(continued)

3

ruled that EEO Management Directive 110 clearly precluded Sanchez from pursuing his individual disability discrimination claim. The court ruled that Sanchez failed to exhaust his administrative remedies as to any individual claim because he failed to appeal the May 2007 administrative decision to subsume his claim into the Pittman Class Action, and he didn't participate in the Pittman Class Action settlement.

## DISCUSSION

We review the district court's dismissal for lack of subject-matter jurisdiction de novo. *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Sanchez brought his disability discrimination claim under the Rehabilitation Act, and federal courts don't have jurisdiction to consider Rehabilitation Act claims that weren't administratively exhausted. *See Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997).

On appeal, Sanchez argues the district court failed to correctly interpret 29 C.F.R. §§ 1614.110(b), 1614.204(l), and 1614.310, which he contends allow him to pursue his disability discrimination claim outside the Pittman Class Action. But it is Sanchez who incorrectly interprets these regulations. Section 1614.110(b), which gives the EEOC authority to issue a final decision on the merits of a complaint, isn't relevant here because it says nothing about the interplay of an individual claim with an identical class action claim. Section § 1614.204(l) states that when the EEOC

Sanchez asserted an appellate challenge to the district court's grant of Sanchez's voluntary dismissal of the Pittman Class. To be clear, Sanchez has not argued on appeal that the district court erred in dismissing the Pittman Class. Thus, we deny the motion to dismiss as moot.

4

issues a final order finding no class-wide discrimination, it must process the individual class members' complaints that were subsumed into the class. But that provision doesn't apply here because the EEOC never issued a final order finding no class-wide discrimination; rather, it approved the order settling the class action. Section 1614.310, which describes the rights of persons to seek judicial review of a Merit Systems Protection Board ruling, also has no relevance to the claims here. Thus, we find no error in the district court's ruling that EEO Management Directive 110 precluded Sanchez from pursuing his individual disability discrimination claim after it was subsumed into the Pittman Class Action.

Sanchez also argues the EEOC never advised him of the administrative procedures necessary to exhaust his claims. To the contrary, Management Directive 110, ch. 8, cited in the EEOC administrative judge's May 2007 order, explains a claimant's right to appeal an administrative judge's decision to subsume individual claims into a class action. *Id*. ch. 8, Sec. III(b). The directive also describes the procedure for challenging an administrative judge's approval of class settlement. *Id*., Sec. VIII(C)(3). Because Sanchez didn't pursue those remedies, he failed to exhaust his available administrative remedies, and the district court properly dismissed this action for lack of subject matter jurisdiction.

The Pittman Class's motion to dismiss is denied. Sanchez's motion to proceed without prepayment of costs and fees is granted. Affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge

6