**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GABRIEL M. ROBLES,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 17-3042
(D.C. No. 5:15-CV-04864-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]

      Plaintiff-Appellant Gabriel M. Robles, appearing pro se, appeals from the district court's grant of summary judgment to the government in his medical malpractice claim against the United States and from its dismissal of his libel claim for lack of jurisdiction. See Robles v. United States, No. 5:15-cv-4864-KHV, 2017 WL 364598 (D. Kan. Jan. 25, 2017); 1 R. 138–41. Exercising

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Background

Mr. Robles's claims arise from his treatment by medical providers at the Veterans Administration ("VA"). According to Mr. Robles, the VA failed to properly diagnose his wrist pain as a ruptured tendon, and instead treated him with Ibuprofin for a simple sprain. When Mr. Robles later found out that his pain was caused by a torn tendon and soft tissue damage in his wrist, it was too late for surgery. See Robles, 2017 WL 364598, at *3; 1 R. 16–17. Accordingly, Mr. Robles brought a claim for medical malpractice under the Federal Tort Claims Act, 28 U.S.C. § 2671 ("FTCA"). Mr. Robles also alleged that the government engaged in a conspiracy to libel and slander him in order to avoid liability for its malpractice. Robles, 2017 WL 364598, at *3.

The district court granted the government summary judgment on the medical malpractice claim because Mr. Robles never identified an expert witness to testify about the standard of care or how any breach by the VA caused Mr. Robles's injury. Id. at *4–6. The court concluded that the common knowledge exception did not apply because an expert witness was necessary for a jury to understand the proper standard of care. Id. at *6. The district court also ordered Mr. Robles to show cause why it should not dismiss the libel claims since the government had not waived its sovereign immunity for intentional torts. Id.; see

28 U.S.C. § 2680(h).  After receiving Mr. Robles's response, the court dismissed the claims.  1 R. 138–41.

### Discussion

We review de novo the district court's grant of summary judgment and its dismissal for lack of jurisdiction.  See Cillo v. City of Greenwood Vill., 739 F.3d 451, 461 (10th Cir. 2013) (summary judgment); Trackwell v. U.S. Gov't, 472 F.3d 1242, 1243 (10th Cir. 2007) (Rule (12)(b)(1) dismissal).

On appeal, Mr. Robles seems to contend that (1) the parties had previously come to an agreement about expert witnesses and the government violated that agreement by moving for dismissal or summary judgement, and (2) the common knowledge exception should have applied.[1]  Mr. Robles points to the pretrial order as evidence that the parties had agreed on expert testimony.  But that pretrial order simply stated that "the parties have stipulated that no motions will be filed challenging the propriety of expert testimony in this case."  1 Supp. R. 19.  The government's subsequent motion to dismiss / motion for summary judgment — which was also referenced in the pretrial order, id. at 18 — did not challenge the propriety of expert testimony, but rather argued that Mr. Robles had

---

[1]  Mr. Robles's briefing is not altogether clear on this point, but we construe his pleadings liberally given his pro se status.  Mayfield v. Bethards, 826 F.3d 1252, 1255 (10th Cir. 2016).  In doing so, we do not become his advocate or make his arguments for him.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

not disclosed any information about an expert witness who would testify about the standard of care.  See 1 R. 68–69.  Moreover, Mr. Robles had long been on notice that he was to disclose that information in accordance with Fed. R. Civ. P. 26(a)(2), as he acknowledged in his initial disclosures.  1 R. 72–74.  Yet in none of those disclosures did he say that anyone would testify about the standard of care or whether the doctors in question breached that standard — much less did he provide a detailed written report by the expert witness as required by Fed. R. Civ. P. 26(a)(2)(B).  The same is true for the witnesses discussed in Mr. Robles's response to the government's motion for summary judgment.  See 1 R. 90–91.

As for Mr. Robles's contention on appeal that no expert witness was needed because the common knowledge exception should have applied,[2] we agree with the district court that "the care and treatment of plaintiff's wrist injury is not something within the common knowledge of the jury."  Robles, 2017 WL 364598, at *6.  Under Kansas state law, the general rule is that expert testimony is required to establish the appropriate standard of care in medical malpractice claims.  Perkins v. Susan B. Allen Mem'l Hosp., 146 P.3d 1102, 1105–06 (Kan. Ct. App. 2006).  The exception to this is when "what is alleged to have occurred in the diagnosis, treatment, and care of a patient is so obviously lacking in reasonable care and the results are so bad that the lack of reasonable care would

---

[2]  Mr. Robles did not raise this issue before the district court, but the court considered the argument on its own initiative.  Robles, 2017 WL 364598, at *6.

be apparent to and within the common knowledge and experience of mankind generally." Id. at 1106 (citation and internal quotation marks omitted). Suffice it to say, Mr. Robles's situation does not fit the exception. It is not clear without expert testimony whether an initial misdiagnosis of a patient's wrist pain as being caused by a sprain as opposed to a ruptured tendon is "patently bad" care. Cf. id. (collecting and discussing cases).

We also reject Mr. Robles's assorted theories of conspiracy to commit libel and slander as expressly excluded from the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(h). Thus, the district court was without jurisdiction to consider them.

Finally, the new arguments Mr. Robles makes on appeal concerning bias by the district court have been forfeited, and in any event rely on unsupported and highly tenuous speculation. See Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge