**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARIUS RAMON LIMON,

    Defendant - Appellant.

No. 18-1235
(D.C. Nos. 1:16-CV-01612-MSK &
1:06-CR-00046-MSK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **PHILLIPS**, Circuit Judges.
_____

Darius Ramon Limon, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's decision dismissing his

28 U.S.C. § 2255 motion as untimely. For the reasons that follow, we grant a COA,

vacate the district court's dismissal order, and remand to the district court to dismiss

the motion for lack of jurisdiction as an unauthorized second or successive § 2255

motion.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I. Background

In 2009, Mr. Limon pled guilty to three counts of armed bank robbery, in violation of 28 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced to 279 months in prison. He appealed, but we affirmed his sentence. He then filed a pro se § 2255 motion to vacate his sentence. The district court denied the § 2255 motion, and Mr. Limon did not appeal.

In June 2016, Mr. Limon filed a counseled § 2255 motion, seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). At the same time, Mr. Limon filed a motion to stay the § 2255 proceedings. In his stay motion, Mr. Limon acknowledged that his "*Johnson* motion is second or successive because [he] previously filed a motion to vacate, which [the district court] denied." Supp. R. at 6. He further acknowledged that the district court lacked jurisdiction to consider the merits of his § 2255 motion until he received authorization from this court to file a successive § 2255 motion. *See id*. Mr. Limon explained that he had filed a motion for authorization in this court (which he calls a motion for "certification"), but he had not yet received a ruling on that motion. *Id*. Mr. Limon therefore requested that the district court stay the proceedings on his *Johnson* motion until this court issued its decision on his motion for authorization.[1]

---

[1] On June 24, 2016, this court abated consideration of Mr. Limon's motion for authorization pending further order of this court. That matter remains abated.

2

In April 2018, the district court entered an order in which it explained that it found it "unnecessary to await the Circuit Court's determination of Mr. Limon's request for leave to file a second or successive § 2255 petition because, even if such leave were obtained, Mr. Limon's petition would have to be dismissed as untimely in any event." R. at 99. The court then dismissed Mr. Limon's § 2255 motion as untimely and denied his stay motion as moot.

II. Discussion

A. *COA determination*

To appeal from the district court's decision, Mr. Limon must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). Because the district court decided the § 2255 motion on a procedural ground,[2] Mr. Limon must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Limon seeks a COA on three issues. We deny a COA on Mr. Limon's second and third issues, but we grant a COA on his first issue: "Whether jurist[s] of reason would find the district court's adverse procedural ruling, debatable, wrong, or that the petition deserved encouragement to proceed further?" Aplt. Br. & COA App. at 2. Mr. Limon has satisfied both prongs of the *Slack* test for his first issue.

---

[2] *See Jimenez v. Quarterman*, 555 U.S. 113, 118 & n.3 (2009) (treating decision dismissing habeas petition as time-barred as a procedural ruling for purposes of the COA standard).

3

Reasonable jurists could debate whether his § 2255 motion states a valid claim for the denial of his constitutional right to due process and reasonable jurists could debate the district court's procedural ruling dismissing his motion as untimely.

B. *Review of District Court's Decision*

With respect to the decision now before us on appeal, Mr. Limon argues that "the district court lacked subject-matter jurisdiction and therefore the adverse procedural ruling is . . . erroneous." *Id*. at 3(b). He asserts that the district court lacked subject matter jurisdiction because the filing of his motion for authorization in this court divested the district court of jurisdiction. We agree with Mr. Limon that the district court lacked jurisdiction to rule on his § 2255 motion, but not for the reason he states.

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

As the Supreme Court has explained, "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (internal quotation marks omitted); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1245 (10th Cir. 2007) ("[A] court must have jurisdiction before it can rule on the merits."). Here, the district court essentially assumed jurisdiction, noting that "even if" Mr. Limon received authorization from this court, his § 2255 motion

4

would have to be dismissed because it was untimely. *See* R. at 99. But it is not permissible to assume jurisdiction "because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." *Steel Co.*, 523 U.S. at 94.

There is no dispute that (1) Mr. Limon's § 2255 motion raising a *Johnson* claim is a second or successive motion § 2255; and (2) he has not received authorization from this court to file a second or successive § 2255 motion. Under these circumstances, the district court lacked jurisdiction to consider Mr. Limon's § 2255 motion. *See Cline*, 531 F.3d at 1251.

Accordingly, we grant a COA, vacate the district court's order dismissing the § 2255 motion as untimely, and remand for the district court to enter an order dismissing the § 2255 motion for lack of jurisdiction.[3] We grant Mr. Limon's motion to proceed on appeal without prepayment of costs or fees.

Entered for the Court
Per Curiam

---

[3] The dismissal of Mr. Limon's unauthorized § 2255 motion does not affect his pending request in this court for authorization to file a § 2255 motion. If he is granted authorization, then he will be able to file a new § 2255 motion.