FILED
United States Court of Appeals
Tenth Circuit

April 3, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

EVAN FISHINGHAWK,

    Plaintiff - Appellant,

v.

SHELLY KISSINGER, Cherokee County
Court Clerk; DON LNU, Transportation
Officer; CHRIS LNU, Transportation
Officer; CRYSTAL JACKSON, Assistance
of Counsel, Jackson Law Firm;
RACHELLE DALLIS, Asst. District
Attorney, Cherokee County,

    Defendants - Appellees.

No. 18-7031
(D.C. No. 6:18-CV-00109-RAW-SPS)
(E.D. Okla.)

_____

ORDER AND JUDGMENT*
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.**
_____

Mr. Fishinghawk filed the underlying civil rights complaint pursuant to 42

U.S.C. § 1983 against Shelly Kissinger, Don LNU, Chris LNU, Crystal Jackson, and

Rachelle Dallis, alleging that they had violated his constitutional rights by not filing

---

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
    ** After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

his notice of appeal in an Oklahoma state criminal case. In accordance with its obligation under 28 U.S.C. § 1915A, the district court reviewed Mr. Fishinghawk's complaint and dismissed it in its entirety for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. The district court found that Mr. Fishinghawk had not alleged how defendants Don LNU or Chris LNU had violated his constitutional rights. The court also found that defendant Rachelle Davis was entitled to prosecutorial immunity, defendant Shelly Kissinger was entitled to judicial immunity, and Mr. Fishinghawk had not shown that defendant Crystal Jackson was a state actor subject to § 1983 claims. Mr. Fishinghawk appealed.

On appeal, Mr. Fishinghawk clarifies that his complaint sought to allege that all the defendants "criminally conspired" to ignore his notice of appeal. (Appellant's Br. at 3 (corrected).) As the district court observed, the standard for dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as the standard for dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court stated that a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Mr. Fishinghawk's allegation of a conspiracy between the defendants does not meet this standard. Regarding defendants Don LNU and Chris LNU, as the district court observed, Mr. Fishinghawk's complaint alleges only that they delivered his notice of appeal to defendant Kissinger. Mr. Fishinghawk has not alleged any facts

2

indicating that these two defendants did anything to violate his rights, let alone any facts that make a conspiracy between them and the others plausible.

As for the remaining defendants, Mr. Fishinghawk has made no attempt to refute the district court's conclusion that they are not legally subject to suit, claiming only that he believes he has "a right to hold county employees accountable." (Appellant's Br. at 3 (corrected).)  Initially, it is unclear how defendant Dallis could have violated Mr. Fishinghawk's rights by ignoring his notice of appeal given that her role was to be an "advocate for the State," *Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976), not for Mr. Fishinghawk.  Moreover, her role also immunized her from a § 1983 suit based on her response (or non-response), as the state's advocate, to Mr. Fishinghawk's notice of appeal.  *See id.* at 431.  Similarly, judges and non-judicial officers whose role forms an integral part of the judicial process are "'absolutely immune from liability for [their] judicial acts even if [their] exercise of authority is flawed by the commission of grave procedural errors.'"  *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)); *see also Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) (recognizing that "clerks of court have been ruled immune to suit under [§] 1983 when performing 'quasi-judicial' duties"); *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1247 (10th Cir. 2007) (holding that Clerk of the Supreme Court was immune from suit for his alleged failure to transmit a document to the Court because "here the Clerk is being asked to perform a judicial function delegated by the Supreme Court—the filing of an application," and clerks are entitled to judicial immunity when

3

performing such judicial functions).  Defendant Kissinger was thus entitled to absolute immunity for her alleged inaction with respect to Mr. Fishinghawk's notice of appeal, even if that inaction amounted to grave procedural error.  *See Whitesel*, 222 F.3d at 867; *Trackwell*, 472 F.3d at 1247.  Finally, defendant Jackson, as Mr. Fishinghawk's attorney, whether public or private, was not a state actor for purposes of § 1983 and thus was not subject to suit under that statute.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981) (public attorneys); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) (private attorneys).

For the foregoing reasons, and for substantially the same reasons given by the district court, we **AFFIRM** the dismissal of this case.  Mr. Fishinghawk's motion for leave to proceed *in forma pauperis* and without prepayment of costs or fees is **GRANTED**, but we remind him of his obligation to continue making partial payments until his filing fee has been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge