**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**November 22, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JOHN D. HORTON,

     Plaintiff - Appellant,

v.

JARED HOFFMAN, Lawton Postmaster;
STEPHEN ESCHENBACHER,
Oklahoma-Arkansas District Supervisor,

     Defendants - Appellees.

No. 22-6122
(D.C. No. 5:21-CV-01098-SLP)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

John D. Horton, proceeding pro se, argues the district court erred in dismissing his

claims alleging that the United States Postal Service ("USPS") violated his constitutional

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and federal statutory rights when it denied him General Delivery mail service. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## I. BACKGROUND

Mr. Horton sued two USPS employees, Defendants-Appellees Jared Hoffman and Stephen Eschenbacher, alleging they violated his federal constitutional and statutory rights by denying him General Delivery mail service. General Delivery mail service provides delivery of an addressee's mail to a specified post office, where the addressee retrieves it. This service "is intended primarily as a temporary means of delivery" for "transients and customers not permanently located" and for "customers who want post office box service when boxes are unavailable." ROA at 67 (quotations omitted). Because General Delivery is a "temporary" service, the local postmaster may impose "[l]imitations on the amount of time" a customer may use General Delivery. *Id.* (quotations omitted).

Mr. Horton has used General Delivery services at USPS locations throughout the United States for over 30 years, including at the Lawton, Oklahoma USPS branch since 2008.

In February 2021, the Lawton postmaster, Mr. Hoffman, advised Mr. Horton that he would "no longer be able to utilize General Delivery services at the Lawton Oklahoma Post Office" because his "continued use of General Delivery service at the Lawton Post

---

[1] Because Mr. Horton appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

2

Office has spanned over several years and exceeds the **temporary** means of mail delivery." *Id.* at 14.

Mr. Horton brought suit in the Western District of Oklahoma. In his complaint, he alleged without specifics that he pursued administrative relief and that his "[r]emedies under the Administrative Procedure Act [were] exhausted." *Id.* at 68 (quotations omitted) (alteration in original). Basing his claims on *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), he alleged that (1) the Defendants' denial of General Delivery service violated his Fourteenth Amendment equal protection rights as to similarly situated USPS customers receiving the service, and (2) Defendants conspired to deprive him of his civil rights. He sought declaratory and injunctive relief to restore his right to use General Delivery service, and a writ of mandamus directing the USPS to provide him this service. He did not seek monetary damages.

The Defendants moved to dismiss for lack of subject matter jurisdiction, failure to state a claim on which relief can be granted, and qualified immunity. The district court granted the motion and dismissed the action without prejudice.

First, the court held that Mr. Horton's claims fail for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). It said the Postal Service Reorganization Act governs claims regarding unsatisfactory mail service. The Act provides a remedy through the Postal Rate Commission, not a private right of action. And the Commission's decisions are reviewed only by the Court of Appeals for the District of Columbia Circuit, not district courts or other Courts of Appeals.

3

Second, the court held that *Bivens* does not cover Mr. Horton's alleged violations, so he failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The "alleged constitutional challenges do not fit within the parameters of any previously recognized *Bivens* cause of action." ROA at 72. Further, *Bivens* allows for money damages, not the declaratory, injunctive, and mandamus relief Mr. Horton sought.

Third, the court held the civil conspiracy claim failed because it "is wholly conclusory." *Id.* at 74.[2]

On appeal, Mr. Horton argues the district court erred in dismissing his complaint and requests to proceed *in forma pauperis*.

## II. DISCUSSION

We review de novo the district court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Because we agree with the district court's jurisdictional dismissal, we do not review its dismissal under Rule 12(b)(6) for failure to state a claim.

Mr. Horton does not dispute most of the district court's order. Instead, he challenges two factual characterizations. Neither informed the district court's rulings.

First, Mr. Horton contests the district court's quotation of the USPS "Domestic Mail Manual"—taken directly from the complaint itself—which explains that General Delivery service "is intended *primarily* as a temporary means of delivery." ROA at 67

---

[2] The Defendants asserted they were entitled to qualified immunity, but the court did not reach that issue because it found dismissal proper on the other grounds. ROA at 74 n.7.

4

(emphasis added) (quotations omitted). Mr. Horton asserts the district court erred in "defin[ing]" the word "primarily" from the Domestic Mail Manual as "meaning 'only' and 'exclusively.'" Aplt. Br. at 2. But the court did not do so. It mentioned the word "primarily" only one time in its order when explaining the factual allegations in the complaint, and it never defined the word—certainly not as "only" or "exclusively." *See* ROA at 67.

Moreover, Mr. Horton's argument regarding the definition of "primarily" is irrelevant to whether there is subject matter jurisdiction. The court never addressed whether the USPS acted improperly or administered General Delivery incorrectly when it terminated this service for Mr. Horton. Its ruling on lack of subject matter jurisdiction did not turn on the definition of "primarily."

Second, Mr. Horton argues the court erred in "improperly assum[ing] a fact not in evidence that all residents of the USA . . . reside on a street that has carrier delivery to a residential mail box or . . . have 2 forms of government issued ID sufficient to qualify for the renting of a post office box." Aplt. Br. at 2. This argument is also incorrect—the court never made such assumptions, and Mr. Horton failed to cite any portion of the district court's order indicating it made such assumptions. The district court's ruling on subject matter jurisdiction did not turn on types of residences or forms of identification.

The district court did not err in dismissing Mr. Horton's complaint for lack of subject matter jurisdiction.

## III. **CONCLUSION**

We affirm the district court's dismissal of this case without prejudice. We deny Mr. Horton's request to proceed *in forma pauperis* because he has not presented "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge