FILED
United States Court of Appeals
Tenth Circuit

**March 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

GABRIEL OMAR GIGENA,

    Plaintiff - Appellant,

v.

HOWARD C. NIELSON, JR.; UNITED
STATES OF AMERICA,

    Defendants - Appellees.

No. 25-4071
(D.C. No. 2:24-CV-00805-DBB)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.

_____

Gabriel Omar Gigena was charged with assault on a federal officer during an

arrest stemming from a child-custody dispute. While his criminal proceedings were

pending in the United States District Court for the District of Utah, he filed a petition

for a writ of mandamus in the same district, seeking dismissal of his criminal

proceedings on speedy-trial grounds. Instead, the district court dismissed his

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

mandamus petition for lack of jurisdiction. Proceeding pro se,[1] Mr. Gigena appeals the dismissal.

In his mandamus petition, Mr. Gigena asked one federal judge to direct another federal judge to dismiss his criminal case. He invoked 28 U.S.C. § 1361, which provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The magistrate judge recommended a dismissal without prejudice for lack of jurisdiction. The linchpin for the recommendation was *Trackwell v. United States Government*, 472 F.3d 1242 (10th Cir. 2007)—a dispositive case from our circuit holding that § 1361 "does not apply to courts or to court clerks performing judicial functions." *Id.* at 1243. Mr. Gigena objected to the report and recommendation. He argued the magistrate judge should not have relied on *Trackwell* and criticized the reasoning underlying *Trackwell*. The district court overruled his objections. It reasoned that it could not disregard or overrule binding Tenth Circuit precedent, so it lacked jurisdiction. Accordingly, it adopted the report and recommendation and dismissed the case without prejudice.

---

[1] Because Mr. Gigena proceeds without the assistance of counsel, we construe his pleadings liberally. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories. *Id.* But we will not assume a role as his advocate. *See id.*

Mr. Gigena's appellate brief continues his critique of *Trackwell*. He disagrees that the district court lacked jurisdiction under *Trackwell* but says if that is true, this court should instead transfer the case to the Tenth Circuit and exercise appellate jurisdiction under 28 U.S.C. § 1651.

This court cannot provide Mr. Gigena any effectual relief, so his case is moot. *See Off. of Thrift Supervision v. Overland Park Fin. Corp. (In re Overland Park Fin. Corp.)*, 236 F.3d 1246, 1254 (10th Cir. 2001) ("A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party." (internal quotation marks omitted)). His criminal proceedings are over. A jury convicted Mr. Gigena in April 2025, and the district court sentenced him to 15 months in prison, with 36 months of supervised release, and entered judgment in August 2025. *See United States v. Gigena*, No. 2:24-cr-00228 (D. Utah), Dkt. Nos. 79, 136, 138; *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (explaining that we have discretion to take judicial notice of publicly filed court records concerning matters that directly relate to our case). Indeed, his direct criminal appeal is currently pending in this court. *See United States v. Gigena*, No. 25-4112 (10th Cir. filed Aug. 27, 2025). Even if we reversed the district court's ruling, the district judge could not compel the other district judge to dismiss the criminal case on speedy-trial grounds because the case is over. Nor could we do so under § 1651.

Accordingly, we dismiss this appeal as moot. We deny Mr. Gigena's *Motion for Judicial Conflicts of Interests, and Judicial Obligations to Recuse and Abstention*

*from Assignment on this Appellate Panel* (Dkt. No. 8), which seeks recusal of any judicial officers and judges who are members of the Church of Jesus Christ of Latter-day Saints.

Entered for the Court

Carolyn B. McHugh
Circuit Judge