FILED
United States Court of Appeals
Tenth Circuit

March 2, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JERRY BLAIR,

    Plaintiff - Appellant,

v.

RICK RAEMISCH, Executive Director,
C.D.O.C.; STEVEN OWENS, CSP
Warden; CPT. RICHARD, CSP Kitchen
Supervisor; OFFRELIG, Creator of
Religious Menue, C.D.O.C.; CHARLEEN
CROCKETT, Food Service Administrator;
CAPT.  PHIPPS, SCF Kitchen Supervisor;
CANTEEN REVIEW COMMITTEE,
C.C.I.,

    Defendants - Appellees.

No. 18-1349
(D.C. No. 1:17-CV-00830-CMA-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Jerry Blair, a state prisoner proceeding pro se, filed this action under

42 U.S.C. § 1983; the Religious Land Use and Institutionalized Persons Act (RLUIPA),

_____

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

42 U.S.C. § 2000cc to 2000cc-5; and Colo. Rev. Stat. § 24-34-601(2)(a), alleging officials with the Colorado Department of Corrections (CDOC), the Sterling Correctional Facility (SCF), and Colorado State Prison (CSP) violated his federal and state rights. He now appeals the district court's dismissal of his case under Fed. R. Civ. P. 12(b)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part and reverse in part.

## I. BACKGROUND

As relevant to this appeal, Blair alleges the following facts in the operative complaint:[1]

Blair is a Buddhist and has followed a Buddhist vegan religious diet in prison for the last five years. In 2015, while he was incarcerated at SCF, the prison's kitchen supervisor, Defendant Phipps, changed his religious diet for all lunches and dinners to pinto beans and steamed rice. Blair was served this same diet from January 24, 2015 through April 10, 2015, when CDOC transferred him to the CSP, even though another Buddhist vegan inmate at SCF was served a more varied vegan menu during this time. As a result of the alleged overdose of beans in his diet at SCF, Blair developed a severe case of gout.

In the fall of 2016, after Blair's transfer to the CSP, the CDOC changed the vegan religious diet menu there to include a "vegan patty," made at the prison, that consists of left-over beans, yams, oatmeal, tomato paste, and seasoning combined in a blender and then baked. *Id.* at 15, 33. Blair alleges this patty is essentially a punitive food known as

---

[1] Because Blair is acting pro se, we construe his pleadings and other filings liberally. *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007).

"nutra loaf,"[2] and that it is inedible, and "stinks" to the point that he cannot eat his entire meal after smelling it. *Id.* at 15; *see id.* at 32-34. And when he does eat the patty, it causes gastrointestinal distress, vomiting, horrible gas, and diarrhea. Although Blair repeatedly informed prison authorities that the vegan patties make him sick and that he cannot eat them, CSP continues to serve them on nineteen of the twenty-eight days in his recurring four-week religious meal cycle. Because the vegan patty is inedible and makes him sick, Blair must buy his own vegan meal from the prison canteen on the days it is served or go hungry.

Based on these and other allegations, Blair filed this action in April 2017, asserting claims under 42 U.S.C. § 1983 for violations of his rights under the First, Eighth, and Fourteenth Amendments and RLUIPA, as well as a state discrimination claim under Colo. Rev. Stat. § 24-34-601(2)(a), against various CDOC, SCF and CSP officials. The district court identified deficiencies in Blair's complaint and ordered him to file an amended complaint. After he did so, the district court granted Blair in forma pauperis (IFP) status under 28 U.S.C. § 1915 and then reviewed the amended complaint under § 1915(e)(2)(B). As a result of this review, the district court dismissed a number of Blair's claims as legally frivolous pursuant to § 1915(e)(2)(B)(i), but found the following

---

[2] Nutra loaf, also known as "nutraloaf," "nutriloaf," "prison loaf," or "disciplinary loaf," is "a bad-tasting food given to prisoners as a form of punishment," *Prude v. Clarke*, 675 F.3d 732, 733 (7th Cir. 2012). "It is made by blending a variety of foods from normal prison meals" and baking it into solid loaf. *LeMaire v. Maass*, 12 F.3d 1444, 1455 (9th Cir. 1993). Blair alleges CSP serves the "nutra loaf" vegan patty to him even though he has not been accused of any disciplinary infractions. ROA Vol. 1 at 15.

claims survived this initial screening: (1) Blair's Eighth Amendment, First Amendment free exercise and Fourteenth Amendment equal protection claims based on being served rice and beans for a prolonged period of time at the SCF; (2) his First Amendment free exercise and RLUIPA claims for being served vegan patties as part of his religious diet at the CSP; and (3) his state-law discrimination claim based on these and additional, largely unrelated allegations.

Defendants moved to dismiss these remaining claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Blair filed a response in opposition to their motion and a motion to again amend his complaint. A magistrate judge, acting on referral from the court, denied Blair's motion to amend and recommended that the district court grant Defendants' motion to dismiss. The magistrate judge also notified the parties that they could file objections to her proposed findings and recommendations within fourteen days after service of the Recommendation.

Blair placed his objections to the Recommendation in the prison mail system the day before the objection deadline, but the court did not receive them until eight days later, on August 16, 2018, hours after it had entered an order and judgment adopting the Recommendation in part and rejecting it in part ("August 16 Order"). More specifically, in the August 16 Order the district court adopted the magistrate judge's recommendation to dismiss Blair's remaining federal claims with prejudice under Rule 12(b)(6) but rejected her recommendation to dismiss his state law discrimination claim on the same basis. Instead, the district court declined to exercise supplemental jurisdiction over the

4

state-law claim in light of its dismissal of Blair's federal claims, and therefore dismissed this claim without prejudice.

On August 23, Blair filed a written protest of the district court's failure to consider his objections before ruling, invoking the prison mailbox rule, and shortly thereafter filed a notice appealing the district court's August 16 Order. But upon consideration of Blair's August 23 filing, the district court vacated its August 16 Order and accompanying judgment, and on September 5, 2018, issued a new order (September 5 Order) that considered Blair's objections but again adopted the magistrate judge's recommendation in part and rejected it in part and dismissed his case. It entered final judgment the following day.

## II. APPELLATE JURISDICTION

"Jurisdiction is a threshold question that a federal court must address before reaching the merits." *United States v. Springer*, 875 F.3d 968, 973 (10th Cir. 2017) (internal quotation marks omitted). One of the prerequisites to appellate jurisdiction is that the appellant complied with Fed. R. App. P. 3(a)(1) by filing a timely notice of appeal. *See United States v. Smith*, 182 F.3d 733, 734 (10th Cir. 1999). In a civil case such as this, an appellant must file a notice of appeal within 30 days of entry of the judgment or order being appealed. *See* Fed. R. App. P. 4(a)(1)(A). A jurisdictional question arises in this case because Blair timely filed a notice of appeal of the August 16 Order, but did not file a new notice of appeal after the district court

5

vacated the August 16 Order and judgment and issued the September 5 Order and accompanying judgment in its stead.[3]

Fed. R. App. 4(a)(4)(B)(ii) provides that a party seeking to appeal an amended judgment must timely file a new or amended notice of appeal. After reviewing the record, we conclude Blair complied with this requirement because he timely filed the functional equivalent of a notice of appeal after the district court entered the September 5 Order. *See Smith v. Barry*, 502 U.S 244, 248-49 (1992) ("If a document filed within the time specified by [Fed. R. App. P.] 4 gives the notice required by [Fed. R. App. P.] 3, it is effective as a notice of appeal.").

To qualify as a functional notice of appeal, a party's filing must provide notice of the party taking the appeal, the judgment or order appealed from, and the court to which the appeal is taken. *See id.* at 249; *United States v. Smith*, 182 F.3d at 735. Blair provided this notice in a filing in this court on September 17, 2018, in which he clearly communicated his intent to appeal the district court's revised decision.[4] He

---

[3] The district court had jurisdiction to take this action, despite Blair having filed a notice of appeal, because it treated Blair's August 23 notice protesting the court's failure to consider his objections as a Rule 59(e) motion to alter or amend its August 16 Order and judgment. *See Constien v. United States*, 628 F.3d 1207, 1212 n.5 (10th Cir. 2010) (stating that when a notice of appeal is filed while a Rule 59(e) and certain other post-judgment motions are pending, "the notice of appeal, and with it the appellate court's jurisdiction, is suspended until such motions are disposed of").

[4] Blair made this filing in response an Order to Show Cause (OSC) this court issued after it received Blair's notice of appeal regarding the August 16 Order. In the OSC, we noted that it appeared from the district court's docket that Blair had not objected to the magistrate judge's recommendation, an omission that we generally hold waives the right to appellate review under this circuit's "firm waiver rule." *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (stating firm waiver

6

also filed this document within the 30-day period for filing a notice of appeal of that decision. Accordingly, we hold we have jurisdiction to consider Blair's appeal of the September 5 Order and final judgment dismissing his case.

## III. ISSUES ON APPEAL

Blair challenges the dismissal of his claims on various grounds. With two exceptions, discussed below, we conclude his contentions lack merit.[5]

---

rule generally applies when a party "fails to make a timely objection to the magistrate judge's findings and recommendations"). Accordingly, the OSC directed Blair to show cause why the court should not find he had waived his right to appeal by failing to object to the magistrate judge's recommendation. In his September 17 response, Blair notified us that he had filed objections to the magistrate judge's recommendation, as described earlier in this decision, provided additional information and documentation regarding relevant circumstances, and indicated that he wished to proceed with his appeal. Defendants have not challenged Blair's account or otherwise asserted that the firm waiver rule bars this appeal. Based on this lack of opposition, Blair's response, and other relevant considerations, we exercise our discretion not to apply the firm waiver rule in this case. *See id.* (discussing court's discretion regarding firm waiver rule); *Hicks v. Franklin*, 546 F.3d 1279, 1283 n.3 (10th Cir. 2008) (declining to apply firm waiver rule because defendant had forfeited application of the rule by failing to raise it in its argument).

[5] In his opening brief, Blair lists several of the claims the district court dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B) as "important grounds for relief" not considered by the district court. Aplt. Opening Br. at 11-13. To the extent Blair intended to appeal the district court's dismissal of these claims by this list, he forfeited appellate review of this issue by failing to include any argument disputing their dismissal. *See, e.g.*, Fed. R. App. P. 28(a)(8)(A) (requiring that an appellant's opening brief identify "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting "we routinely have declined to consider arguments that are . . . inadequately presented[] in an appellant's opening brief"); *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002) ("We do not consider merely including an issue within a list to be adequate briefing."). Blair similarly forfeited appellate review of the district court's July 17, 2018 denial of his motion to amend his

7

## A.  Failure to Allow Evidence

Blair first asserts that the district court erred in dismissing his claims under Rule 12(b)(6) without allowing him to present evidence.  But as the district court correctly noted, its function under Rule 12(b)(6) was "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation marks omitted).  In making this assessment, a court may consider exhibits to the complaint and undisputed documents referenced in it that are central to the plaintiff's claims, *see id.*, but Blair did not attach any documents to his complaint or otherwise identify documents referenced in it that he believes should have been included in the court's Rule 12(b)(6) review.  Accordingly, the district court did not err in limiting its review under Rule 12(b)(6) to the allegations in Blair's amended complaint.

## B.  Dismissal of Federal Claims

Blair challenges the district court's dismissal of each of the federal claims that survived the court's § 1915 screening determination, asserting he did state a claim as to each in his amended complaint.  We review the district court's dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim de novo.  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

---

complaint, because while he requested that we review this decision in his opening brief, he did not include any argument regarding it.  *See Bronson*, 500 F.3d at 1104.

To state a claim, a complaint must contain sufficient facts "to state a claim to relief that is plausible on its face," taking all well-pleaded facts, but not conclusory allegations, as true and construing them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. We construe Blair's pro se pleadings liberally in our review. *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007).

Applying these standards to the claims at issue, we conclude Blair's complaint states a claim under the First Amendment's Free Exercise Clause and RLUIPA with respect to the vegan patty meals he received as part of his vegan religious diet at the CSP. Accordingly, we reverse the district court's dismissal of these claims. But we agree that Blair failed to state any other federal claims and hence affirm the district court's dismissal of them.

**1.    Religious diet claims**

We have long recognized that prisoners have the right under both the First Amendment and RLUIPA to a diet that conforms to their sincerely held religious beliefs. *See Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002) (First Amendment); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1316 (10th Cir. 2010) (RLUIPA). Blair alleges that Defendant Phipps, acting in his individual capacity, violated this First Amendment right by serving him beans and rice so often while he was

9

at the SCF that he developed gout and that Defendants Crockett, Richard, and Offrelig, also acting in their individual capacities, did the same at CSP by developing and serving him vegan patty meals that were so inedible that they made him sick. He also seeks injunctive relief against Defendant Raemisch, acting in his official capacity, for violating RLUIPA by allowing CSP to serve the vegan patty meals as part of Blair's vegan religious diet.[6]

To state a claim for violation of the First Amendment's Free Exercise Clause, the plaintiff must plead facts that plausibly show or allow the inference that the prison regulation or action at issue "substantially burdened sincerely-held religious beliefs." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (internal quotation marks and alterations omitted).[7] Similarly, to state a claim under RLUIPA, a plaintiff must plead that "he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held

---

[6] Blair also asserted claims for damages under RLUIPA against Defendants Phipps, Crockett, Richard, and Raemisch in their individual capacities, but the district court properly dismissed these claims during its § 1915 review. *See Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012) ("[T]here is no cause of action under RLUIPA for individual-capacity claims.").

[7] A prison regulation or action that impinges on these or other constitutional rights is nonetheless valid "if it is reasonably related to legitimate penological interests." *Kay*, 500 F.3d at 1218 (internal quotation marks omitted). As a result, we have held that for an inmate to state a plausible claim based on a constitutional violation he must also plead "facts from which a plausible inference can be drawn that the [allegedly impinging] action was not reasonably related to a legitimate penological interest." *Gee v. Pacheco*, 627 F.3d 1178, 1187-88 (10th Cir. 2010). Defendants here have not given a reason for allegedly impinging on Blair's First Amendment free exercise rights by including inedible or unhealthy meals in his vegan religious diet. Nor have they argued that Blair failed to state a First Amendment claim because it could not be plausibly inferred from his allegations that including such meals in his religious diet was not reasonably related to legitimate penological interests.

10

belief, which exercise (3) is subject to a substantial burden imposed by the government."

*Abdulhaseeb*, 600 F.3d at 1312.[8]

For purposes of their motion to dismiss, Defendants conceded that Blair's sincerely held religious beliefs motivate his desire to engage in the religious exercise at issue, maintaining a Buddhist vegan diet. But they argued he nonetheless failed to state either a First Amendment or a RLUIPA claim because he had not plausibly alleged that either the rice and beans diet he received at SCF or the vegan patty meals served at CSP substantially burdened this religious exercise. The district court agreed and dismissed Blair's First Amendment and RLUIPA claims on this basis.

A government substantially burdens a person's religious exercise for purposes of RLUIPA when it (1) "requires participation in an activity prohibited by a sincerely held religious belief," (2) "prevents participation in conduct motivated by a sincerely held religious belief," or (3) "places substantial pressure on an adherent either not to engage in conduct motivated by a sincerely held religious belief or to engage in conduct contrary to a sincerely held religious belief." *Id.* at 1315. This test is grounded in the Supreme Court's interpretation of substantial burden under the First

---

[8] A defendant does not need plead more than this to state a RLUIPA claim. This is so even though a defendant can avoid liability under the statute for substantially burdening a prisoner's religious exercise by demonstrating that "imposition of the burden on [the prisoner] -- (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). Because this is an affirmative defense, a plaintiff need not plead it to state a RLUIPA claim. *See Ghailani v. Sessions*, 859 F.3d 1295, 1305-06 (10th Cir. 2017) (regarding near-identical provision in Religious Freedom Restoration Act).

Amendment's Free Exercise Clause, *see id.*, and thus is applicable to Blair's First

Amendment claim as well.

### a. First Amendment claim based on rice and beans diet at SCF

Blair alleges the rice and beans diet at the SCF substantially burdened his

religious exercise because it caused him "to be sick with stomach cramps [and]

vomiting" and the "pain [and] suffering of gout."  ROA Vol. 1 at 27.  Blair

apparently contends these health consequences placed substantial pressure on him not

to continue with his vegan religious diet.  But Blair alleges only one instance in

which the rice and beans diet caused stomach cramps and vomiting, which is not

sufficient to establish substantial burden for purposes of a First Amendment claim.[9]

*See Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009) (holding allegations

of "isolated" violations of religious diet requirements do not state a claim for denial

of prisoner's First Amendment free-exercise rights); *see also Abdulhaseeb*, 600 F.3d

at 1321 (affirming summary judgment against RLUIPA claim because evidence

showed only one instance in which a religious meal was inedible).  And it is not

plausible that Blair's development of gout as a result his prolonged rice and beans

diet at the SCF placed substantial pressure on him to abandon his vegan religious

diet, because he stopped receiving this diet three days after his gout diagnosis, when

---

[9]  Blair's RLUIPA claim against Defendant Phipps based on this diet was dismissed on screening.  *See supra* n.6.

12

he was transferred from the SCF to the CSP.[10]  Accordingly, we affirm the district court's decision that Blair failed to state a First Amendment claim based on the rice-and-beans vegan religious diet he received at the SCF.

### b. First Amendment and RLUIPA claims based on vegan patty meals at CSP

We reach a different conclusion with respect to Blair's First Amendment and RLUIPA claims based on the vegan patty meals that were a regular component of his vegan religious diet at CSP.  The district court held Blair had not pled substantial burden with respect to these meals in part because he failed to allege "that the CDOC deprives him of vegan meals" or that "the vegan food he is served prevents him from practicing Buddhism."  ROA Vol. 2 at 21.  These conclusions are correct, but they are not dispositive.  "[A] burden can be 'substantial' even if it does not compel or order the claimant to betray a sincerely held religious belief."  *Yellowbear v. Lampert*, 741 F.3d 48, 55 (10th Cir. 2014).  As noted above, a substantial burden also exists if "the claimant is presented with a choice in which he faces considerable pressure to abandon the religious exercise at issue."[11]  *Id.*; *see Abdulhaseeb*, 600 F.3d at 1315.

---

[10]  Under these circumstances, health concerns could not have motivated Blair's allegations that he repeatedly complained to SCF staff about "the unyealding [sic] diet of beans and rice."  ROA Vol. 1 at 26.

[11]  The district court also cited Blair's failure to allege that the vegan patty meals were nutritionally inadequate in support of its holding on substantial burden.  *See* ROA Vol. 2 at 21.  But a nutritionally adequate diet may still substantially burden an inmate in his ability to adhere to a religious diet.  For example, the nutritionally adequate foods at issue may not conform to the inmate's religious beliefs as to what is allowed in his religious diet or, as alleged here, may be inedible or sickening.

13

To the extent the district court assessed Blair's allegations under this additional test for substantial burden, it appears to have found them wanting because Blair had not alleged that CDOC "pressures him to eat a non-vegan diet." ROA Vol. 2 at 21. But whether CDOC intentionally pressured Blair to abandon his religious diet is not the proper focus in assessing whether Blair sufficiently alleged substantial burden under the "pressure" test. Rather, this "inquiry focuses only on the coercive *impact* of the government's actions." *Yellowbear*, 741 F.3d at 55 (emphasis added). And "[c]reating a situation that forces the religious claimant to choose between following the dictates of his faith and winning an important benefit or forgoing a considerable penalty is coercion enough" to demonstrate substantial burden under this test. *Id.* at 56.

We also disagree with the district court's conclusion that all of Blair's allegations, "taken as true, reflect merely an inconvenience of variety, quality, and rotation of non-preferred items in a completely vegan meal."[12] ROA Vol. 2 at 21. As relevant to the substantial burden inquiry, Blair alleged the vegan patty meals included in his religious diet were inedible, forcing him to go hungry or purchase vegan food in the prison commissary. He further alleged that when he does eat the vegan patty, he vomits and suffers other gastrointestinal distress. And these were not isolated or sporadic occurrences, because Blair alleged the vegan patties were a scheduled part of his vegan

---

[12] This is not to say that the district court was all wrong in its assessment of Blair's complaints. To be sure, several of Blair's allegations smack only of complaints regarding the variety, quality and rotation of meals. The district court correctly concluded that those allegations did not support a claim upon which relief could be granted.

religious diet on nineteen out of the twenty-eight days in each four-week meal cycle. Thus, taking Blair's allegations as true, as we must under our standard of review, nineteen out of every twenty-eight days, or two out of every three days, Blair either could not eat one of his vegan religious meals or became sick because it included the nutraloaf-like vegan patty.

Accepting Blair's allegations as true, this situation reflects more than a mere inconvenience. To the contrary, we conclude Blair's allegations plausibly assert that the vegan patty meals at CSP substantially burdened his sincerely held religious beliefs because they put considerable pressure on him to abandon his vegan religious diet.[13] While a single or sporadic service of inedible religious meals does not rise to the level of substantial burden, *see Gallagher*, 587 F.3d at 1070 (First Amendment free exercise claim); *Abdulhaseeb*, 600 F.3d at 1321 (RLUIPA); *id.* at 1325 (Gorsuch, J. concurring), we have recognized that "as the frequency of presenting unacceptable foods increases, at some point the situation would rise to the level of a substantial burden," *Abdulhaseeb*, 600 F.3d at 1321. Blair's allegations that the vegan patty meals forced him to forgo a religious diet meal or be sick two days out of three rises to this level. As a

---

[13] That Blair may be able to avoid going hungry or becoming sick by purchasing alternative vegan food at the prison commissary does not change this conclusion. *See Abdulhaseeb*, 600 F.3d at 1317-18 (rejecting case law finding no substantial burden under RLUIPA in denial of religious diet based on inmate's ability to purchase religious foods). That these reactions may be personal to Blair also is not relevant to our analysis. As we do with plaintiffs in tort law, "we take religious claimants as we find them, assessing the coercive impact [of] the government's actions on the individual claimant's ability to engage in a religious exercise." *Yellowbear*, 741 F.3d at 55.!

15

result, we conclude Blair sufficiently alleged that these meals substantially burdened his religious practice and that he therefore stated both a First Amendment free exercise claim and a RLUIPA claim based on the vegan patty meals included in his religious diet at CSP. Accordingly, we reverse the district court's dismissal of these claims.

In so ruling, we have considered Defendants' request that we affirm dismissal of any federal claims we find viable on the alternative basis of qualified immunity. Defendants asserted this defense in the district court, which shifted the burden to Blair to demonstrate that the factual allegations in his complaint established a violation of his federal rights and that the right at issue was clearly established at the time of Defendants' alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). The magistrate judge recommended that the district court find Defendants had qualified immunity on Blair's federal claims, but based only on her conclusion that Blair had failed to state a federal claim. The district court stated in a footnote that while it agreed with the magistrate judge's recommendation, it did not need to address this issue because there were other grounds for dismissal. *See* ROA Vol. 2 at 23 n.3.

Our conclusion that Blair stated a claim with respect to the vegan patty meals undermines the basis of the magistrate judge's recommendation on the qualified immunity issue, which the district court did not adopt in any event. In addition, neither the magistrate judge nor the district court addressed the "clearly established" component of Defendants' qualified immunity defense, which Defendants barely touched on in their argument to the district court. Under these circumstances, the

16

better practice is to leave the qualified immunity determination to the district court to consider on remand. *See Rife v. Okla. Dep't of Pub. Safety*, 854 F.3d 637, 649 (10th Cir. 2017). We note, however, that qualified immunity is not a defense to Blair's RLUIPA claim against Defendant Raemisch, and thus is only relevant to his First Amendment free exercise claim against Defendants Crockett, Richard, and Offrelig. *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004) ("Qualified immunity applies to claims for monetary relief against officials in their individual capacities, but it is not a defense against claims for injunctive relief against officials in their official capacities.").

## 2.      Eighth Amendment claim

Blair asserts in his amended complaint that Defendant Phipps, the kitchen supervisor at SCF, also violated the Eighth Amendment's ban on cruel or unusual punishment by being deliberately indifferent to the gout and associated pain Blair alleges he suffered from being served pinto beans and rice twice a day for several months. To state an Eighth Amendment claim for deliberate indifference to the medical needs of prisoners, the prisoner must demonstrate, among other things, that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The district court concluded Blair had not included such allegations in his complaint, because he at no point alleged that Phipps knew of Blair's gout and related issues or knew that the rice and beans diet was the cause. Blair does not challenge this conclusion on appeal, and instead asserts only that the attending physician should have notified Phipps to change Blair's diet after he developed gout. This is not

sufficient to state an Eighth Amendment claim against Phipps.  Accordingly, the district court correctly dismissed this claim for failing to state a claim.

### 3.    Equal Protection claim

Blair further alleges Defendant Phipps violated the Equal Protection Clause of the Fourteenth Amendment by serving him rice and pinto beans twice a day for months while at the same time "often" serving "the regular vegan diet meal" to another inmate who was also on the Buddhist vegan religious diet.  ROA Vol. 1 at 27.  To state a "class of one" equal protection claim, Blair needed to allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).  This required Blair to allege facts establishing that others who were "similarly situated in every material respect were treated differently," and that "this difference in treatment was without rational basis, that is, . . . [it] was irrational and abusive, and wholly unrelated to any legitimate state activity."  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (citation and internal quotation marks omitted).  The district court held Blair's allegations failed to meet either requirement, because he did not demonstrate that the other inmate was similarly situated to him "in every material respect" or that Phipps' alleged conduct, serving Blair rice and beans twice a day for months, was irrational and abusive.  ROA Vol. 2 at 23 (internal quotation marks omitted).  It further held Blair's allegations that he and the other inmate received different vegan religious meals were too vague to establish differential treatment.  After

18

reviewing Blair's allegations, we agree that his allegations were too vague and incomplete to state a plausible equal protection claim.

## C. Dismissal of State-Law Claim

In his amended complaint, Blair asserted a state-law claim under Colo. Rev. Stat. § 24-34-601(2)(a), in which he alleged Defendants discriminated against him in various ways, including by feeding him rice and beans at the SCF and the vegan patty meals at CSP. As noted earlier, the district court declined to exercise supplemental jurisdiction over this state-law claim and dismissed it without prejudice because it had dismissed all of Blair's federal claims. We review this decision for abuse of discretion. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011).

"When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Id.* (internal quotation marks omitted). Accordingly, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Blair's state-law claim when it dismissed all of Blair's federal claims. *See id.* But our decision to reverse and remand the dismissal of Blair's federal religious diet claims regarding the vegan patty meals at CSP undermines the district court's rationale for declining to exercise supplemental jurisdiction over Blair's state-law claim. Accordingly, we reverse that decision and remand this claim to the district court for further consideration.

## IV.    CONCLUSION

For the reasons stated above, we affirm dismissal of Blair's First Amendment free exercise claim based on his religious diet at SCF, as well as his Eighth Amendment and

19

equal protection claims. But we reverse dismissal of Blair's First Amendment free exercise and RLUIPA claims based on the vegan patty meals included in his religious diet at CSP and his state discrimination claim. We therefore remand this case to the district court for further proceedings consistent with this decision. We note that our decision addresses the district court's decision to dismiss Blair's case pursuant to Federal Rule of Civil Procedure 12(b)(6). We express no opinion on the merits of the case at later stages of the case.[14]

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[14] We grant Blair's request to proceed IFP on appeal, but remind him that he must continue making partial payments until the entire filing fee for this appeal is paid in full.